UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JULIO H. ARCHILA,                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 17-367 WES
                                   )
INTEGON NATIONAL INSURANCE COMPANY )
and/or Doe Corporation,            )
                                   )
        Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff Julio H. Archila's Objection To Removal, Motion To Remand, and Motion for Attorney Fees ("Motion To Remand"). (ECF No. 6.) This case arises from Plaintiff's claim for benefits coverage under an Uninsured Motorist Policy with Defendant Integon National Insurance Company ("Integon"), following a car accident on or about March 13, 2015, in which Plaintiff was injured. (Compl. ¶¶ 7-15, ECF No. 1-2.) On June 27, 2017, Plaintiff filed his Complaint in Kent County Superior Court, asserting claims for breach of contract and bad faith. (Id., Counts I-III.) Defendant removed the case to this Court on August 8, 2017. (Notice of Removal, ECF No. 1.)

Plaintiff asserts that removal was improper because Defendant's filing of a notice of removal exceeded the requisite

thirty-day clock for removal under 28 U.S.C. § 1446(b). Alternatively, as a further basis to contest removal and endorse remand, Plaintiff avers that the amount-in-controversy requirement for diversity jurisdiction is not met. Finally, based on his remand request, Plaintiff seeks attorney's fees and costs. These arguments fail. After careful consideration of the parties' submissions, Plaintiff's Motion To Remand is DENIED for the reasons outlined below.

The first issue before the Court is one of timing: the parties contest the point at which the clock begins to run for removal purposes under § 1446(b).[1] This case presents a slightly more convoluted timing question because Defendant is a foreign insurance company; this means an intermediary agent, the Rhode Island Department of Business Regulation, Business Division ("RIDBR"), received service of process on Defendant's behalf

---

[1] The removal statute, 28 U.S.C. § 1446(b)(1) provides:

    The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

pursuant to Rhode Island General Laws § 27-2-13.[2] These facts raise the more specific inquiry of whether the clock begins to run upon receipt of service by RIDBR, or alternatively, as Defendant suggests, when Defendant actually receives notice, forwarded from RIDBR.

While this case poses an interesting question, it is not a novel one; indeed, this court considered this precise scenario including the interplay between the federal removal statute and Rhode Island General Laws § 27-2-13 in <u>Wilbert v. UNUM Life Insurance Company</u>, 981 F. Supp. 61 (D.R.I. 1997). There, the plaintiffs served process on the Rhode Island State Insurance Commissioner, the in-state agent designated for service of process by Rhode Island statute. <u>Id.</u> at 62. In turn, the Commissioner forwarded the service-of-process materials to defendant UNUM Life Insurance Company. <u>Id.</u> After considering nearly identical arguments to those volleyed here, the court held: "When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent." <u>Id.</u> at 63; <u>see also</u> <u>Gordon v. Hartford Fire</u>

---

[2] R.I. Gen. Laws § 27-2-13 provides that foreign (out-of-state) insurance companies conducting business in Rhode Island must appoint the Rhode Island Insurance Commissioner as their agent for service of process.

3

Ins. Co., 105 F. App'x 476, 480 (4th Cir. 2004) (joining conclusion reached by "overwhelming majority of district courts" that in the context of service upon statutory agents, the time-for-removal clock does not begin to run until the defendant actually receives a copy of the complaint); Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 206 (D.P.R. 2009) (joining consistent holding of district courts that "in cases in which service is made on a statutory agent . . . the thirty-day statutory period for removal runs from the day the defendant receives notice of summons and the complaint"); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. and Proc. Juris. § 3731 (4th ed.) ("[S]tatutory agents are not true agents but merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service . . . ."). This consistent holding "makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them." Cygielman v. Cunard Line Ltd., 890 F. Supp. 305, 307 (S.D.N.Y. 1995).

Here, Defendants filed a Notice of Removal on August 8, 2017, which was within thirty days of when Defendant Integon received

4

notice and copies of the summons and complaint from RIDBR on July 11, 2017.³ Thus, removal was timely.

Next, the Court considers Plaintiff's argument that removal was improper for failure to meet the requisite $75,000 amount-in-controversy threshold. Defendants removed this action based on diversity of citizenship pursuant to 28 U.S.C. 1332(a). To be satisfied that the amount in controversy suffices here, the Court need look no further than the statute that outlines the procedure for the removal of civil actions, 28 U.S.C. § 1446. Section 1446(c)(2) specifies: "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." See also Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" (quoting 28 U.S.C. § 1446(c)(2))); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the

---

³ Although it is unclear based on exhibits attached to Defendants' Notice of Removal whether Integon received copies of the summons and complaint on July 11 or July 12, Defendants' removal was timely regardless of which date is used. (ECF No. 1-1.)

5

plaintiff's complaint is controlling in the case of a removal . . . ."); CE Design Ltd. v. Am. Economy Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) ("A plaintiff's good faith allegation of damages meeting the required amount in controversy is usually enough.").

This case lands in federal court after a unique syntax: Plaintiff filed a complaint in state court but expressly alleged an amount in controversy in excess of $75,000. In such a setting, where a plaintiff brings his case in state court but alleges damages in excess of the federal jurisdictional amount, the court applies the "legal certainty test," i.e., the court accepts plaintiff's damages pronouncement in the complaint unless it is demonstrated to a legal certainty that the jurisdictional amount cannot be recovered. See, e.g., Freeman v. Blue Ridge Paper Products, Inc., 551 F.3d 405, 409 (6th Cir. 2008) ("In 'a suit instituted in a state court and thence removed,' plaintiffs' claim of damages exceeding the federal amount in controversy is presumed correct unless shown to a legal certainty that the amount is actually less than the federal standard." (quoting St. Paul Mercury, 303 U.S. at 290-92)); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996) (extending "legal certainty" test to cases "brought in the state court in which the plaintiff has filed any complaint alleging damages in excess of the required federal jurisdictional minimum"); De Aguilar v. Boeing Co., 47

F.3d 1404, 1409 (5th Cir. 1995) ("[T]he legal certainty test 'is explicitly premised on the assumption that the amount in controversy is met by the express allegations of the plaintiff's complaint and is limited in utility to cases in which the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount.'" (quoting Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 755 (E.D. Mich. 1990))).

Indeed, in this context, "it is proper to presume that the plaintiff's prayer is an appropriate presentation of potential damages because the damages sought are against the plaintiff's forum-selection interests." Gafford v. Gen. Elec. Co., 997 F.2d 150, 160 (6th Cir. 1993), abrogated on other grounds, Hertz Corp. v. Friend, 559 U.S. 77 (2010). "After all, the plaintiff is both the author and the master of its complaint." Connectu LLC v. Zuckerberg, 522 F.3d 82, 93 (1st Cir. 2008); see also Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); St. Paul Mercury, 303 U.S. at 294 ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of

7

suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Here, in its complaint filed in state court, Plaintiff set forth, "[t]he amount of Plaintiff's damages will be established at the time of trial, but are estimated to be over $100,000.00 Dollars." (ECF No. 1-2.) Although now, for purposes of this motion, Plaintiff backtracks and suggests the amount in controversy is not satisfied,[4] he has failed to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289 (emphasis added). Thus, Plaintiff's express declaration in his Complaint that the amount in controversy exceeds $100,000 is presumed correct. Accordingly, remand is not appropriate in this instance.

---

[4] To argue that the amount-in-controversy requirement has not been satisfied, Plaintiff cites, for example, evidence of settlement offers for less than $75,000 prior to his initiation of this suit. However, "[w]hile a settlement demand is relevant evidence of the amount in controversy, it is not dispositive." Hogan v. Wal-Mart Stores East, L.P., No. 13-603 S, 2014 WL 66658, at *4 (D.R.I. Jan. 8, 2014). In any event, the standard for measuring the amount in controversy is not one of guaranteed recovery; it is instead measured by "the damages that the plaintiff might recover, assuming that the allegations in the complaint are true." Id. (emphasis added). Indeed, because Plaintiff alleged damages in excess of $75,000 in his Complaint, Defendant need not show to a legal certainty that Plaintiff can recover more than the requisite amount; instead, Plaintiff must demonstrate to a legal certainty that he cannot. With this in mind, Plaintiff's post hoc declarations cannot carry the day.

As a necessary consequence, attorney's fees are not warranted at this juncture. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("[T]he standard for awarding fees should turn on the reasonableness of the removal. . . . [W]hen an objectively reasonable basis [for removal] exists, fees should be denied."). Therefore, Plaintiff's Motion To Remand is hereby DENIED. IT IS SO ORDERED.

/s/ William E. Smith
---
William E. Smith
Chief Judge
Date: November 21, 2017